**YUHUAN JIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72438.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2011.*

Filed Aug. 16, 2011.

Yuhuan Jin, San Gabriel, CA, pro se.

District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Regina Byrd, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Yuhuan Jin, a native and citizen of China, petitions pro se for review of the Board

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir.2008). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Jin's motion to reopen as untimely because she filed the motion almost three years after the BIA's final removal order, *see* 8 C.F.R. § 1003.2(c)(2), and failed to present sufficient evidence to qualify for the changed country conditions exception, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 C.F.R. 1003.2(g)(1) ("A motion and any submission made in conjunction with a motion must be in English or accompanied by a certified English translation."); *Toufighi*, 538 F.3d at 996 (evidence of changed conditions must be "material").

We lack jurisdiction to review Jin's challenge to the agency's underlying adverse credibility determination. *See Toufighi*, 538 F.3d at 995.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.